UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DALE GOODWIN, JOHN & NANCY LINDBERG, and ANN WALCH,<br><br>Plaintiffs,<br><br>v.<br><br>WAYNE NILES BECKLEY,<br><br>Defendant. | Case No. 1:13-cv-00140-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is the Defendant's Request for Certification to the Court of Appeals. (Dkt. 5). For the reasons explained below, the Court will deny the request.

## BACKGROUND

In August 2010, a default judgment was entered against defendant Wayne Beckley in the United States District Court for the District of Idaho on plaintiffs' claims for fraud and breach of contract. *Default Judgmt,.* Case No. 1:09-cv-594-BLW, Dkt. 32. Then in March 2013, the United States Bankruptcy Court for the District of Idaho denied Beckley's Motion to Amend or Alter the Judgment. *See Order,* Dkt. 5-1. Beckley has appealed the bankruptcy court's decision to this Court, and now asks the Court to certify the appeal directly to the Ninth Circuit. Beckley wants the Ninth Circuit to determine

MEMORANDUM DECISION AND ORDER - 1

whether the bankruptcy court was correct when it held that Idaho state law determines the preclusive effect of the August 2010 default judgment. *Id.*

## ANALYSIS

Under 28 U.S.C. § 158(d)(1), the Court of Appeals may have jurisdiction from all final judgments entered by the Bankruptcy Court.  Before the Court of Appeals has jurisdiction, the district court must certify that: (1) the judgment "involves a question of law as to which there is no controlling decision of the court of appeals…or of the Supreme Court of the United States;" (2) the judgment "involves a question of law requiring resolution of the conflicting decisions;" or (3) an immediate appeal from the judgment "may materially advance to progress of the case or proceeding in which the appeal is taken." 28 U.S.C. §§ 158(d)(2)(A)(i)-(iii).

Beckley generally says there is no controlling Ninth Circuit or Supreme Court authority and, further, that there is a "multitude of conflicts in decisions between Idaho, neighboring jurisdictions, and federal decisions calling for a resolution from the Court of Appeals." Dkt. 5, at 2.  But he has not cited any authority to support these sweeping assertions.  He also overlooks Supreme Court authority holding that the claim-preclusive effect of a federal diversity judgment is governed by federal common law, which looks to the law of the state where the district court is located unless that law is incompatible with federal interests. *See Taylor v. Sturgell*, 553 U.S. 880, 891 (2008); *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 US 497, 508 (2001).

In this case, the judgment in question was rendered by the United States District Court in Idaho, exercising diversity jurisdiction over the plaintiffs' claims for fraud and breach of contract. Therefore, Idaho law is controlling when determining whether issue preclusion applies. In Idaho, the general rule is that once a district court enters judgment, all issues which were or could have been litigated are precluded. *See Waller v. States Dept. of Health and Welfare*, 192 P.3d 1058, 1062 (Idaho 2008). In cases of a default judgment, preclusion applies absent fraud or collusion. *Id.*

Beckley has failed to show (1) the absence of controlling decisions of the Ninth Circuit or the Supreme Court, (2) conflicting decisions on the legal issue in dispute, or (3) that an immediate appeal would advance the progress of this case. The Court will therefore deny the request for certification.

## ORDER

**IT IS ORDERED:**

Plaintiff's Request for Certification to the Court of Appeals (Dkt. 5) is **DENIED**.

DATED: August 6, 2013

_____
B. Lynn Winmill
Chief Judge
United States District Court