UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>WAYNE N. BECKLEY and WENDY M. BECKLEY,<br><br>        Debtors.<br>_____<br><br>DALE GOODWIN, JOHN & NANCY LINDBERG, and ANN WALCH,<br><br>        Plaintiffs/Appellees,<br><br>  v.<br><br>WAYNE NILES BECKLEY,<br><br>        Defendant. | Case No. 1:13-cv-00140-BLW<br><br>**MEMORANDUM DECISION** |

### INTRODUCTION

Debtor Wayne Beckley, who is also a defendant in this adversary proceeding, appeals from the bankruptcy court's order denying his motion to alter or amend a judgment. (Dkt. 9). The Court will affirm.

### BACKGROUND

In August 2010, this Court entered a default judgment of approximately $426,000 against defendant Wayne Beckley and in favor of plaintiffs Dale Goodwin, John and Nancy Lindberg, and Ann Walsh. *Default Judgmt,*. Case No. 1:09-cv-594-BLW, Dkt.

32. In entering judgment the Court held that "Plaintiffs have prevailed on their claims of breach of contract and fraud, . . . ." *Id.* at 2.

Roughly sixteen months later, in January 2012, Beckley filed a Chapter 7 bankruptcy petition. The plaintiffs in the earlier, district-court case commenced an adversary proceeding in bankruptcy court to protect their default judgment. They contended that the $426,000 judgment was non-dischargeable because Beckley had engaged in fraud. *See generally* 11 U.S.C. § 523(a)(2)(A). The bankruptcy court agreed and granted summary judgment in plaintiffs' favor.

Beckley moved for relief from this judgment under Federal Rule of Civil Procedure 59(e). The bankruptcy court denied the motion, which prompted this appeal.

## STANDARD OF REVIEW

District courts review bankruptcy court decisions in the same manner as would the Ninth Circuit. *See In re George*, 177 F.3d 885, 887 (9th Cir. 1999). The denial of a motion under Rule 59(e) to alter or amend the judgment is reviewed for an abuse of discretion. *See Ta Chong Bank Ltd. v. Hitachi High Techs. Am. Inc.,* 610 F.3d 1063, 1066 (9th Cir. 2010).

A motion for reconsideration under Rule 59(e) "should not be granted, absent highly unusual circumstances," unless the district court is (1) presented with newly discovered evidence, (2) committed clear error or made an initial decision that was manifestly unjust, or (3) or if there is an intervening change in the controlling law. *389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir.1999); *see also United Nat'l Ins. Co. v. Spectrum Worldwide, Inc*., 555 F.3d 772, 780 (9th Cir. 2009). In moving to

amend or alter the bankruptcy court's judgment, Beckley alleged neither the discovery of new evidence nor an intervening change in the controlling law.  So the only question before this Court is whether bankruptcy court committed clear error or made a manifestly unjust decision when it denied the motion.

## ANALYSIS

The bankruptcy court did not err when it denied Beckley's Rule 59(e) motion.

On appeal, Beckley makes two arguments.  Both are aimed at allowing him to litigate plaintiffs' fraud claim in bankruptcy court – despite the fact that plaintiffs already have a default judgment against Beckley on that claim.  Beckley first contends that the bankruptcy court incorrectly relied on Idaho law (rather than federal law) in deciding that the default judgment precluded him from re-litigating the fraud claim.[1]  Beckley next argues that the bankruptcy court compounded its error by misapplying Idaho law.

The Court rejected both of these arguments when it denied Beckley's Request for Certification to the Court of Appeals.  *See Aug. 6, 2013 Decision,* Dkt. 11.  In its earlier ruling, the Court explained that federal common law applies to determine the preclusive effect of a federal district-court's judgment entered in a diversity action.  *See id.* at 3 (relying on *Taylor v. Sturgell,* 553 U.S. 880, 891 (2008) and *Semtek Int'l Inc. v. Lockheed Martin Corp.,* 531 US 497, 508 (2001)).  Federal common law, in turn, requires a court to

---

[1] It is not entirely clear if Beckley is challenging the bankruptcy court's ruling that Idaho's claim preclusion law applies.  In his opening brief, Beckley said he "does not argue that the court's reasoning with regards to choice of law was flawed, . . . ." *Opening Br.*, Dkt. 9, at 11.  But on reply, he said that the bankruptcy court "erred because it did not use the correct law to determine its choice of law." *Reply*, Dkt. 12, at 9.  Regardless, as will be explained, the Court concludes that the bankruptcy court's ruling was correct on this point.

**MEMORANDUM DECISION & ORDER - 3**

apply Idaho law if an Idaho federal district court enters a judgment in a diversity action. See *id.*  Thus, the bankruptcy court correctly concluded that Idaho's claim-preclusion law applies.

This Court has also previously held that in Idaho, if a district court enters judgment, "all issues which were or could have been litigated are precluded." *Id.* (citing *Waller v. State Dept. of Health & Welfare*, 192 P.3d 1058, 1062 (Idaho 2008) ("The general rule is that once a judgment is entered it is *res judicata* with respect to all issues which were or could have been litigated.").  Further, the Idaho Supreme Court has explicitly held "absent fraud or collusion, the principle of *res judicata* applies equally in cases of default judgment." *Waller*, 192 P.3d at 1062.  As a result, and as this Court has already concluded, the bankruptcy court correctly held that Beckley could not re-litigate plaintiffs' fraud claim in bankruptcy court.

In his appellate briefs, Beckley argues that Idaho law is unjust.  Among other things, he says that "Idaho preclusion law is unnecessarily broad and has the power to unfairly injustice those with default judgments against them." *Opening Br.,* Dkt. 9, at 11. He also suggests that because federal and Idaho law differ, the bankruptcy court was not necessarily bound by Idaho law.  As Beckley put it, "The cloud th[at] hangs from Idaho preclusion law does not exist in federal law.  And because of that, a review on the facts are not precluded by a default judgment." *Id.*  The Court is not persuaded.  Nor is it persuaded by Beckley's attempt to distinguish governing Idaho law. *See id.* at 6-8.  The bankruptcy court was bound to follow Idaho law and it did.

**MEMORANDUM DECISION & ORDER - 4**

## CONCLUSION

For all the foregoing reasons, the Court **AFFIRMS** the bankruptcy court's denial of Beckley's motion to alter or amend the judgment.

DATED: October 28, 2013

_____
B. Lynn Winmill
Chief Judge
United States District Court