UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>WAYNE N. BECKLEY and WENDY M. BECKLEY,<br><br>      Debtors.<br>_____<br><br>DALE GOODWIN; JOHN & NANCY LINDBERG; and ANN WALCH<br><br>      Plaintiffs/Appellees,<br><br>v.<br><br>WAYNE NILES BECKLEY,<br><br>      Defendant/Appellant. | Case No. 1:13-cv-00140-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Before the Court is plaintiffs' Motion for Attorney Fees. (Dkt. 14). For the reasons explained below, the Court will grant the motion in part and deny it in part.

**BACKGROUND**

In 2006, plaintiffs lent several hundred thousand dollars to Bald Mountain, LP. Bald Mountain defaulted on the loan, and in August 2010, this Court entered a default judgment of nearly $426,000 against Bald Mountain and its general partners, including defendant Wayne Beckley. *See Default Judgment,* Case No. 1:09-cv-594-BLW, Dkt. 32. Beckley filed a Chapter 7 bankruptcy petition, and plaintiffs commenced an adversary proceeding to protect their default judgment. The bankruptcy court granted summary judgment in plaintiffs' favor, which prompted this appeal. On appeal, this Court affirmed the bankruptcy court's rulings. Plaintiffs now seek to recover attorneys' fees incurred on appeal.

**ANALYSIS**

1. **Entitlement to Attorneys' Fees**

Plaintiffs rely on Idaho Code § 12-120(3), along with the attorneys' fee provision in the underlying promissory notes, to support their request for a fee award. Section 12-120(3) provides that the prevailing party in any civil action to recover on a note is entitled to a reasonable attorneys' fee. Idaho Code § 12-120(3). In this case, plaintiffs initially commenced a civil action to recover on their notes, and the notes contain the following attorneys' fee provisions:

> "If any default is made hereunder . . . Maker further promises to pay all costs of collection when incurred, including but not limited to reasonable attorneys' fees, costs and expenses incurred by Holder hereof in connection with security the payment [sic] of this Note, or any such default in any action or other proceeding brought to enforce any of the provisions of this Note.

Case No. 1:09-cv-594-BLW, *Sept. 15, 2006 Note, Ex. B to Compl.*, Dkt. 1 at 13, § 7; *see also* Exs. C-E (containing identical provisions).

"Contractual provisions for payment of attorney fees are enforceable in Idaho." *Shurtliff v. N.W. Pools, Inc.*, 815 P.2d 461, 466 (Idaho Ct. App. 1991). Thus, because plaintiffs prevailed on their action to recover on a note, they are entitled to recover a reasonable attorneys' fees, including fees they incur in their ongoing collection efforts. *See id.*; Idaho Code § 12-120(5).

This case is procedurally unusual because plaintiffs are asking this Court – which is sitting as an appellate tribunal – to award attorneys' fees. Neither side has submitted any briefing on this issue. Instead, both sides implicitly assume that the Court is empowered to award fees on appeal. Given the lack of briefing – and the lack of any objection by the defendant – the Court will assume without deciding that it may award attorneys' fees incurred on appeal. *See* Fed. R. Bankr. P. 8014 (stating, in part, that "costs shall be taxed against the losing party on appeal"); Idaho Code § 12-120(3) (providing that the attorneys' fee awarded to a prevailing party shall be "taxed and collected as costs").

Substantively, Beckley does not dispute that plaintiffs are the prevailing party. Instead, he generally argues that the Court should decline to award attorneys' fees because there was a "reasonable basis" for the appeal and because the appeal "was warranted to clarify controlling law." *Response,* Dkt. 17, at 2. But Beckley has not discussed the fee provisions in the notes. Nor has he discussed legal authority governing

fee awards. As such, the Court is not persuaded by his arguments. The Court will allow plaintiffs to recover reasonable attorneys' fees.

2.      **Reasonableness of the Claimed Fees**

"The starting point for determining a reasonable fee is the 'lodestar' figure, which is the number of hours reasonably expended multiplied by a reasonable hourly rate." *Gates v. Deukmejian,* 987 F.2d 1392, 1397 (9th Cir.1992). In determining a reasonable hourly rate, the Court considers the "experience, skill and reputation of the attorney requesting fees," *Trevino v. Gates,* 99 F.3d 911, 924 (9th Cir.1996), as well as "the prevailing market rates in the relevant community," *Blum v. Stenson,* 465 U.S. 886, 895 (1984).

Once the lodestar amount is determined, the Court "then assesses whether it is necessary to adjust the presumptively reasonable lodestar figure on the basis of the *Kerr*[1] factors that are not already subsumed in the initial lodestar calculation." *Morales v. City of San Rafael,* 96 F.3d 359, 363–64 (9th Cir.1996) (footnote omitted). "There is a strong presumption that the lodestar figure represents a reasonable fee. Only in rare instances should the lodestar figure be adjusted on the basis of other considerations." *Id.* at 363 n.

---

[1] The *Kerr* factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

8. (internal quotation marks and citation omitted).

Here, Plaintiffs seek $9,142 in fees. The hourly rates charged are as follows:

| Office | Person | Title | Rate/Hour |
|---|---|---|---|
| Ringert Law Chartered | Laura Burri | Attorney | $190.00 |
| Morrow & Fischer | Julie Fischer | Attorney | $225.00 |
| Morrow & Fischer | Laura Terrazas | Paralegal | $115.00 |

The rates charged by the respective firms are comparable to the reasonable hourly rate for attorneys and staff of similar experience and similar work in this area, and Beckley does not challenge that assertion. Additionally, the Court has determined on two prior occasions that these rates are reasonable. *See* Case No. 1:09-cv-594-BLW, *Oct. 12, 2010 Order,* Dkt. 38, at 3; and *Mar. 26, 2014 Order*, Dkt. 107, at 5.

As for the amount of time billed to this case, Laura Burri was lead appellate counsel. The records submitted to the Court show that she billed 16.6 hours to appellate tasks. *See* Dkt. 14, at 5-6. This is a reasonable amount of time to spend on the appeal and the Court will include all these hours in calculating the fee award. Ms. Burri billed substantial additional time to this matter, but the individual time entries submitted to the Court show that these tasks were not related to the appeal. *See id.* (all entries before March 21, 2013, as well as the entries for April 3, 2013 and May 14, 2013, are unrelated to this appeal). The Court will therefore exclude these entries in calculating a fee award.

As for time spent by other attorneys and paralegals, the Court has determined that the vast majority of this time was unrelated to the appeal. Specifically, plaintiffs have included several hours of Julie Fischer's time, but most of this time was billed to tasks unrelated to the appeal. *See Client Inquiry Sheet,* at Dkt. 15. After excluding all these

hours, the Court determined that Ms. Fischer spent .9 hours on appellate tasks, *see id.* (April 4, April 16, and April 26, 2013 entries) and Ms. Terrazas spent 2.4 hours of paralegal time to appellate tasks, *see id.* (April 10, 15, and 17, 2013 entries). The Court finds these amounts of time reasonable.

Based on these determinations, the Court will award $3,632.50 in attorneys' fees, calculated as follows:

| Person | Title | Hours | Rate/Hour | Total |
|---|---|---|---|---|
| Laura Burri | Attorney | 16.6 | $190.00 | $3,154.00 |
| Julie Fischer | Attorney | .9 | $225.00 | $202.50 |
| Laura Terrazas | Paralegal | 2.4 | $115.00 | $276.00 |
| | | | | $3,632.50 |

## ORDER

**IT IS ORDERED that** Plaintiffs' Motion for Attorney Fees (Dkt. 14) is **GRANTED in part** and **DENIED in part.** The Court will award fees in the amount of $3,632.50. The request for any additional amounts is denied.

DATED: June 4, 2014

_____
B. Lynn Winmill
Chief Judge
United States District Court